IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | Case No.  15-cr-37 (BAH) |
| ) | |
| DWAYNE DOLBERRY,   ) | |
| Defendant.   ) | |
| _____   ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Dwayne Dolberry, by his attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter.  Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) as delineated in Rita v. United States, 127 S. Ct. 2456 (2007), Kimbrough v. United States, 128 S. Ct. 558 (2007),  Gall v. United States, 128 S. Ct. 586 (2007) and Nelson v. United States, 555 U.S. 338 (2009), Mr. Dolberry respectfully requests the Court to impose a sentence of 36 months, followed by three years of Supervised Release. Mr. Dolberry submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.  In support of this request, counsel states:

### BACKGROUND

1.  Mr. Dolberry appears before the Court after having pled guilty to one count of unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §922(g).

2. The instant charge stems from Mr. Dolberry possessing a handgun on March 17, 2015. The handgun was never discharged or brandished.

3. On October 23, 2015, the Court accepted Mr. Dolberry's guilty plea to the only charge

in the indictment. Indeed, the only "concession" Mr. Dolberry received as a part of the plea in this case is the Government's agreement to ask for a sentence at the low end of guideline range, which in this case is 57 months.

       5. Mr. Dolberry has been detained at the D.C. Jail since his arrest in March.

       6. Mr. Dolberry is 34years old.

       7. Mr. Dolberry appears before the Court as a Criminal History IV offender with eight criminal history points. Five of those criminal history points, however, derive from either misdemeanor or traffic cases, in which he received sentences of either probation or less that 60 days imprisonment. The final three criminal history points derive from a thirteen year old felony conviction for which Mr. Dolberry received a sentence of just 24 months.

      For the reasons discussed more fully below, Mr. Dolberry respectfully requests the Court to impose a sentence of 36 months, followed by a period of Supervised Release of three years. The proposed sentence will result in Mr. Dolberry being either incarcerated or under the supervision of the Court until he is forty years old.  Mr. Dolberry submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

## **DISCUSSION**

1. **Overview**

      In imposing the sentence in this case, the Court must consider all the factors set forth in 18 U.S.C. §3553(a).  <u>Gall v. United States</u>, 128 S. Ct. 586 (2007).   Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed

           (A) to reflect the seriousness of the offense, to promote

>respect for the law, and to provide just punishment for the offense;
>
>(B) to afford adequate deterrence to criminal conduct;
>
>© to protect the public from further crimes of the defendant; and
>
>(D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in Title 18 U.S.C. §3553(a).

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

>Pursuant to 18 U.S.C. § 3661:
>
>No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.
>
>Section 3582 of Title 18 states that
>
>[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

2. Advisory Guideline Calculation

The Probation Department, using the 2014 edition of the Sentencing Guidelines Manual, has concluded pursuant to U.S.S.G. 2K2.1 that the Total Offense Level in Mr. Dolberry's case is 21 and that Mr. Dolberry's Criminal History Category is IV. This calculation results in an advisory sentencing range of 57-71 months imprisonment.

Mr. Dolberry does not dispute the Probation Department's calculation of the advisory guideline range in this case. As noted earlier, however, five of Mr. Dolberry's eight criminal history points derive from either misdemeanor or traffic offenses; and, the final three criminal history points derive from a twelve year old felony conviction – Mr. Dolberry's only prior felony conviction – for which he received only a 24 month sentence of imprisonment.

3. Imposition of Sentence

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Nature of the Offense

No-one, and certainly not Mr. Dolberry, disputes that possessing a firearm while being a convicted felon is a serious offense. There is no evidence Mr. Dolberry brandished the firearm, or used the firearm for any criminal purpose.

The maximum sentence in this case is 10 years, and there is no mandatory minimum sentence under the statute. Congress therefore envisioned that some defendants receive probationary sentences under the statute. As noted earlier, however, Mr. Dolberry is not seeking a probationary sentence in this case; rather, Mr. Dolberry is requesting a significant period of incarceration for someone who – at the age of 34 – has a limited, and dated, prior record.

Character of the Defendant

Mr. Dolberry is now 34 years old. He has no memory of ever meeting his father. His mother struggled with substance abuse through out his childhood, leaving Mr. Dolberry to fend for himself as a child. At the age of 13, when most children are in the seventh grade, Mr. Dolberry left his mother's home and essentially became homeless – staying with anyone who would take him in. He sold drugs to support himself and ensure the well-being of his siblings, who were not being cared for by his mother.

At the age of 18, and while in the 12th grade, Mr. Dolberry became a father. Unlike his own father, Mr. Dolberry did, and has done, all he could to provide for his children. Indeed, he remains "a constant" in their lives, providing not only financial support but more important emotional support for his children.

Mr. Dolberry knows all to well the violence associated with guns, having been robbed at gun point more times than he can remember. He was shot in *four* of those robbery attempts, the

most recent of which occurred in 2011 and resulted in Mr. Dolberry receiving a gun shot wound to the back of his head. He remained in the hospital for nearly two weeks as a result of that attempted robbery. The assailant, like all the other previous assailants, was never apprehended by the police.

Mr. Dolberry does not suggest to this Court that he should be absolved of criminal responsibility or that he should receive favorable treatment simply because of the unusual hardships in his life. Mr. Dolberry simply urges this Court not to impose a sentence any more severe than necessary to serve the purposes of sentencing. A sentence of 36 months, followed by three years of Supervised Release, adequately punishes Mr. Dolberry for his conduct in this possessory offense case.

Mr. Dolberry understands he has reached a crossroad in his life. He can't escape his past but he has the tools for a brighter future. For the forgoing reasons, therefore, pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of sentencing factors set forth in 18 U.S.C. §3553(a) as delineated in <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007), <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007) and <u>Gall v. United States</u>, 128 S. Ct. 586 (2007), Mr. Dolberry respectfully requests the Court to impose a sentence of 36 months, followed by a three year period of Supervised Release. Mr. Dolberry submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500