IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 15-37 (BAH) |
| | : | |
| DWAYNE T. DOLBERRY, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits that a sentence at the low end of the Sentencing Guidelines range as found by the Court, to be followed by a term of supervised release of three years, would adequately serve the interests of justice as codified in 18 U.S.C. § 3553(a). In support of this motion, and to assist the Court in fashioning an appropriate sentence, the Government submits the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

The government adopts and incorporates herein the facts as set forth in the Statement of Offense, ECF No. 22, and in the Court's factual summary in its August 11, 2015 Memorandum Opinion, ECF No. 17. On the evening of March 17, 2015, shortly after 5:00 p.m., the defendant encountered a Metropolitan Police Department ("MPD") officer near the intersection of Meigs Place, N.E. and Trinidad Avenue N.E., in Washington, D.C. The MPD officer requested to pat down the defendant and the defendant consented. After patting down the defendant, the MPD officer discovered a loaded 9mm semi-automatic handgun on the defendant's person, hidden inside the left breast pocket of the defendant's vest. The defendant was arrested and a criminal complaint was filed. *See* ECF No. 1.

On March 19, 2015, a grand jury in the District of Columbia returned a one-count indictment charging the defendant with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g).  ECF No. 3.  The Court held a hearing on the defendant's Motion To Suppress on August 3, 2015, and issued a Memorandum Opinion on August 11, 2015, denying in part the defendant's motion.  *See* ECF No. 17.  On October 23, 2015, the defendant pled guilty pursuant to a written plea agreement to the count charged in the indictment.

## SENTENCING CALCULATION

**A. Statutory Maximums and Mandatory Minimums**

The penalty for a violation of 18 U.S.C. § 922(g) does not include a mandatory minimum, but carries a maximum sentence of 10 years of imprisonment, and a fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.  The Court must also impose a $100 special assessment under 18 U.S.C. § 3013. Additionally, Sentencing Guideline § 5E1.2 of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines") indicates that the Court may impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation.

**B. Sentencing Guideline Calculation**

The government is in agreement with the Guidelines calculations utilized in the Presentence Investigation Report (PSR).  *See* PSR, ECF No. 24.  The base offense level is 20 for an offense involving unlawful possession of a firearm by a person having one felony conviction for a controlled substance offense.  PSR ¶ 18.  Because the firearm had an altered or obliterated

serial number, 4 levels are added.  *Id.* ¶ 19.  Because the defendant has accepted responsibility for the offense and has assisted authorities in the prosecution of the misconduct by timely notifying the government of his intention to enter a plea of guilty, the government recommends a 3-level reduction in the offense level.  *Id.* ¶¶ 25-26.  The final offense level is therefore 21.  *Id.* ¶ 27.  The PSR attributes a total of 8 criminal history points to the defendant, establishing a criminal history category of IV.[1]  *Id.* ¶ 40.  Offense level 21 in conjunction with criminal history category IV results in a Guidelines range of 57-71 months of incarceration.

## SENTENCING RECOMMENDATION

**A. Sentencing Factors**

A district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."  *United States v. Gall*, 552 U.S. 38, 49 (2007).  The Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions" and are the "starting point and the initial benchmark."  *Id.* at 46, 49.

Next, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a).  *Id*. at 49-50.  The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in § 3553(a).  *United States v. Rita*, 551 U.S. 358, 347-351 (2007).  The § 3553(a) factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for

---

[1] In the plea agreement, the government estimated that the defendant fell within criminal history category III.  *See* ECF No. 21, at 3.  That estimate failed to take into account an 18-month term of probation under § 4A1.2(c)(1) and erroneously applied § 4A1.2(a)(2) to group together two separate convictions because the sentences were imposed on the same day (Mar. 1, 2006).  As the PSR indicates, however, these two offenses were separated by an intervening arrest, so § 4A1.2(a)(2) requires them to be counted separately.  *See* PSR ¶¶ 35-36.

the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities.

**B. Sentencing Recommendation**

The government recommends that the Court sentence the defendant to 57 months of imprisonment followed by three years of supervised release.  The government believes that such a sentence reflects the seriousness of the defendant's conduct as well as the history and characteristics of the defendant reflected in his extensive criminal record, and it is appropriate in light of the factors set forth in § 3553(a).

The possession of a firearm by a convicted felon is a serious offense.  That is especially true here, where the circumstances of the offense were far from benign:  the defendant was walking through a neighborhood carrying a loaded handgun hidden in the inside left breast pocket of his vest, where it could easily be drawn by his right hand.  *See* ECF No. 17, slip op. at 2-4. The defendant was well aware that he was violating the law by carrying the loaded firearm, as evidenced by his statement upon being handcuffed that he was "ready to go back to jail" and "knew this was coming."  *Id.* at 4 (officer's testimony paraphrasing the defendant's statement). Moreover, the firearm had an obliterated serial number.  ECF No. 22, at 2.  The Sentencing Commission has long recognized that firearms with altered or obliterated serial numbers pose heightened risks of violence and criminal activity:

> It is no secret that a chain of custody for a firearm greatly assists in the difficult process of solving crimes.  When a firearm is stolen, determining this chain is difficult and when serial numbers are obliterated, it is virtually impossible.

> Therefore, stolen or altered firearms in the hands of people recognized as irresponsible pose great dangers, and the guideline here reflects this heightened danger.

*United States v. Schnell*, 982 F.2d 216, 220-21 (7th Cir. 1992) (internal citation omitted).  The Sentencing Commission underscored the seriousness of its 4-level enhancement by imposing it as a matter of strict liability, which applies "regardless of whether the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number."  U.S.S.G. § 2K2.1 Commentary note 8.

This is not the defendant's first encounter with the criminal justice system.  He has an extensive criminal history dating back to the late 1990s and continuing through the present offense.  *See* PSR ¶¶ 28-57.  Not all of these convictions factor into his criminal history calculation under the Guidelines, but they reflect a pattern of increasingly serious criminal activity and a failure to comply with pre-trial and post-conviction supervision—including a 2000 misdemeanor Bail Act Violation, a 2003 misdemeanor conviction for Possession With Intent To Distribute Marijuana, a 2004 felony conviction for Attempted Distribution of Cocaine, and 2006 convictions for misdemeanor Destroying Property-Domestic and Contempt-Condition of Release Violation.  *See* PSR ¶¶ 30, 32-33, 35-36.  Nor is this a case in which the defendant's criminal history "substantially over-represents the seriousness of the defendant's criminal history" under U.S.S.G. § 4A1.3(b)(1).  To take one example, the 2006 incident resulted in only misdemeanor convictions, but the defendant's offense conduct was undoubtedly serious—involving destructive acts and violence against women.  In that incident, police officers heard a report that the defendant was beating his girlfriend and observed him physically push her; the defendant destroyed the hinges on his mother's front door by slamming it repeatedly; his mother, in fear for her life, retreated to her bedroom and locked the door, and the defendant forced the door open with

such force that he ripped the door frame.   PSR ¶ 35.   If anything, the defendant's criminal history supports the imposition of a sentence well within the Guidelines range to provide just punishment, deter future criminal conduct, and protect the public.

As described above, the government's recommendation takes into account the factors set forth in § 3553(a), is within the recommended Guidelines range, and is in accordance with the plea agreement entered into between the defendant and the government in which the government agreed to limit its allocution to the middle of the applicable Guidelines range.

## CONCLUSION

For the foregoing reasons and the information reflected in the PSR, the United States respectfully requests that the defendant be sentenced to a period of 57 months of imprisonment to be followed by 36 months of supervised release.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        UNITED STATES ATTORNEY
        D.C. Bar No. 415793

By:   */s/ Christopher B. Brown*
      John K. Han, N.Y. Bar
      Christopher B. Brown, D.C. Bar No. 1008763
      Assistant United States Attorneys
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      (202) 252-7680 (Han)
      (202) 252-7153 (Brown)
      John.Han@usdoj.gov
      Christopher.Brown6@usdoj.gov